# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 10, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CHRISTOPHE GLASS, | * | |
| | * | |
| Petitioner, | * | No. 22-402V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Christophe Glass,* Venice, CA, *pro-se.*
*Emily Hanson,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On April 7, 2022, Christophe Glass[2] ("petitioner") filed a claim in the National Vaccine Injury Compensation Program ("NVICP").[3] Petition (ECF No. 1); Amended Petition (ECF No. 38). Petitioner alleges that as a result of receiving the measles, mumps, and rubella ("MMR") vaccine on April 19, 2019, he developed neuropathy, rheumatologic pain with paresthesias and fasciculations. *Id.* at ¶ 14. Due to petitioner's failure to prosecute and insufficient proof, this case is **DISMISSED.**

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] Petitioner filed a motion to re-caption the case after legally changing his name on September 18, 2024. Pet'r Mot. to Amend (ECF No. 47).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

I.      **Procedural History**

Petitioner filed medical records to accompany his claim. *See* Petitioner's ("Pet'r") Exhibits ("Exs.") 1-20 (ECF Nos. 6, 10, 13, 20, 25, 29). The medical records document an array of symptoms he associated to the MMR vaccination, without a specific, unifying diagnosis. *See e.g.* Pet'r Ex. 17 at 24 ("soreness in the wrist area, nerve thing happening sporadically all over body."); Pet'r Ex. 9 at 2 ("had an MMR 5 months ago and 3 days later started having twitching all over his body."); Pet'r Ex. 7 at 4 ("This started two days after the [MMR] vaccine, with muscles twitching started happening in same arm, then started happening all over the body….Recently hypothesized that it might be related to sugar.") Petitioner continued to supplement the record with medical records. *See* Pet'r Ex. 23 (ECF No. 37).

On July 31, 2024, the case was transferred to my docket, and I issued an initial order on August 9, 2024, ordering petitioner to file updated medical records. Initial Order (ECF NO. 42). On October 4, 2024, respondent filed a status report stating that he would like to defend against this claim and filed the Rule 4(c) Report on November 25, 2024. Respondent ("Resp't") Status Report ("Rept."); Resp't Rule 4c Rept. (ECF No. 45). Petitioner was ordered to file an expert report addressing the issues raised in the Rule 4(c) Report. Scheduling Order (Non-PDF), issued Nov. 25, 2024.

On January 23, 2025, petitioner filed a status report stating that he was undergoing a nerve biopsy to make a diagnostic determination, and the biopsy was necessary to retain an expert to opine on vaccine causation. Pet'r Status Rept. (ECF No. 46). On March 13, 2025, petitioner filed another status report stating that the biopsy is scheduled for April 15, 2025 and requested additional time to file the medical records and obtain an expert to opine on vaccine causation. Pet'r Status Rept. (ECF No. 48). The undersigned granted petitioner's request for an extension of time and set a deadline for petitioner to file updated medical records or a status report on the progress of obtaining such records by May 15, 2025. Scheduling Order (Non-PDF), issued Mar. 14, 2025.

On May 16, 2025, petitioner filed exhibit 24, which appear to be chiropractic records from Dr. Gilbert Jaudy. Pet'r Ex. 24. On August 29, 2025, after not filing any other additional records or an expert report, petitioner's counsel filed a status report stating that "the petitioner…will not communicate with the undersigned. Therefore, the undersigned can no longer prosecute this case on [petitioner's] behalf." Pet'r Status Rept. (ECF No. 54). Counsel requested to withdraw, and the undersigned granted petitioner's counsel's request.

The Clerk of the Court served this Scheduling Order on the petitioner by first class mail on September 3, 2025. The petitioner was ordered to transmit the electronic consent form to the Clerk of the Court and file a status report explaining how he intends to overcome the lack of a unifying diagnosis and support his claim that the MMR vaccine caused him to suffer those various injuries by Friday, October 3, 2025. Scheduling Order (ECF No. 56). The Scheduling Order also provided that failure to comply with Court orders may result in a dismissal for failure to prosecute. *Id.* at 2 (ECF No. 56). Petitioner has not responded to the Scheduling Order or communicated in any way with the Court as directed.

I.   **Analysis and Conclusion**

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that she or he suffered a "Table Injury," i.e. that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Hum. Servs.* 418 F.3d 1274, 1278 (Fed. Cir 2005). In some cases, the special master may have to first determine which injury is best supported by the evidence presented in the record before applying the *Althen* test to determine causation of that injury. *Lombardi v. Sec'y of Health & Hum. Servs.,* 656 F.3d 1343, 1351 (Fed. Cir. 2011). A "vaccine-related injury" is an illness, disability, injury or condition, that has to be more than just a symptom or manifestation of an unknown injury. *Id.* (quoting *Broekelschen v. Sec'y of Health & Hum. Servs.,* 618 F.3d 1339, 1349 (Fed. Cir. 2010); § 300aa-11(a).

In the present case, petitioner does not allege a Table injury. Thus, to prevail on entitlement, petitioner must establish that the MMR vaccine he received is the actual cause of his alleged injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physicians. § 300aa-13(a)(1). Additionally, petitioner has not provided sufficient evidence to support a vaccine-related injury beyond symptoms or manifestations of an unknown injury. Petitioner has not fulfilled his burden under the Vaccine Act, and *Althen*, and therefore it is appropriate to dismiss his claim for insufficient proof.

Further, if a petitioner fails to comply with Court orders to prosecute his claim, the Court may dismiss the case. *Padmanabhan v. Sec'y of Health & Hum. Servs.,* 638 Fed. App'x 1013 (Fed. Cir. 2016); *Sapharas v. Sec'y of Health & Hum. Servs.,* 35 Fed. Cl. 503 (1996). Petitioner has not responded to the Court order or provided additional evidence to support his claim.

**Thus, according to Vaccine Rule 21(b), this case is dismissed for failure to prosecute and insufficient proof.** The Clerk of the Court shall enter judgment accordingly. The Clerk of the Court is directed to serve this order upon petitioner by First Class mail to the address below:

>   Mr. Christophe Glass
>   3012 Yale Ave.
>   Venice, CA 90292

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master