# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No.: 22-402V

| | |
|---|---|
| * * * * * * * * * * * * * | |
| CHRISTOPHE GLASS, * | |
| * | |
| Petitioner, * | Chief Special Master Corcoran |
| * | |
| v. * | Filed: July 22, 2026 |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

*Christophe Glass,* Venice, CA, *pro-se.*

*Emily Hanson,* U.S. Dept. of Justice, Washington, D.C., for respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEYS' FEES AND COSTS**[1]

On April 7, 2022, Christophe Glass filed a petition for compensation under the National Vaccine Injury Compensation Program. [2] Petition (ECF No. 1). Petitioner alleged that he suffered neuropathic and rheumatologic pain, with paresthesias and fasciculations, as a result of receiving a measles, mumps, and rubella ("MMR") vaccine on April 19, 2019. *Id.* at ¶ ¶ 2, 14. After failing to respond to Court Orders, a Decision Dismissing the Petition was entered on October 10, 2025. Decision (ECF No. 59).

Petitioner was first represented by Richard Gage from the initiation of the claim through August 29, 2025, after which time counsel withdrew and Petitioner proceeded *pro se*. *See* Petitioner's Status Report (ECF No. 54); Order (ECF No. 55). At the time of counsel's withdrawal,

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner filed a request for an interim award of fees and costs, totaling $17,774.63 ($16,670.50 in fees and $1,104.13 in costs). Petitioner's Motion for Interim Attorneys' Fees ("Fees Request") (ECF No. 53). (No other fees requests were interposed, and therefore the pending interim request amounts to a final request for fees).

Respondent reacted to the Fees Request on September 10, 2025, deferring to my discretion to determine if the statutory requirements for a fees award has been met, aid if so what would constitute a reasonable award. Response (ECF No. 58). Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final fees and costs in the among of $17,774.63.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award for successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). In prior decisions, I have set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g. Sterling v. Sec'y of Health & Hum. Servs.,* No. 16-551V, 2020 WL 54943, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation: fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.,* 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioner's claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis.

The standard for finding the existence of reasonable basis is lesser (and thus, inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.,*144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence."

*Chuisano v. Sec'y of Health & Hum. Servs.,* 116 Fed. Cl. 276,287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.,* 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See e.g., Silva v. Sec'y of Health & Hum. Sevs.,* 108 Fed. Cl. 401,401-02 (Fed. Cl. 2012).

I find there was sufficient objective basis to entitle Petitioner's former counsel to a fees and costs award—albeit barely so. Petitioner received a covered vaccine and experienced health issues after its receipt, and for which he sought medical care. *See e.g.* Petitioner's Exhibit 17 at 13 (associating nerve pain in same arm which he received the vaccine). After the Rule 4(c) Report was filed which identified factual issues that would need to be addressed in order for the claim to proceed, Petitioner's sought additional medical testing and records to assess his diagnosis. Petitioner's Status Report, filed Mar. 13, 2025 (ECF No. 48). Several months later, counsel withdrew due to communication issues with Petitioner. Petitioner's Status Report, filed Aug. 29, 2025.

Although the fact issues that may have been obstacles to a successful claim were not resolved before the completion of the matter (or prior to counsel's withdrawal), the case had just enough objective basis to deem it to have been reasonably advanced. Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible.

## II. Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

Mr. Gage is requesting the following hourly rates of his counsel and his firm:

| Name | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|
| Richard Gage | $393 | $422 | $441 | $450 |
| Kristen Blume | ---- | $422 | ---- | ---- |
| Paralegals | $141 | $152 | $159 | $162 |

The requested rates are consistent with what has previously been awarded to Mr. Gage and his firm, and I find them to be reasonable. *See Henley v. Sec'y of Health & Hum. Servs.,* No. 16-499V, 2025 WL 2043218, at *2-3 (Fed. Cl. Spec. Mstr. June 20, 2025). I have also reviewed the submitted billing entries for this case and find the total number of hours billed to be reasonable. Therefore, no adjustments to the requested fees will be made.

### III. Calculation of Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.,* No. 10-243V, 2013 WL 5367670, at * 16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner's former counsel is requesting a total of $1,104.13 in costs. These expenses include the filing fee, obtaining medical records, and making copies. Documentation was provided to substantiate the costs, and they will be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of **$17,774.63 (reflecting $16,670.50 in fees, and $1,104.13 in costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

The Clerk of the Court shall serve this Decision electronically to Petitioner's former counsel.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.